## No. C-1071

**CF&I Steel Corporation, a Colorado corporation, and Mid-Continent Resources, Inc., a Delaware corporation, d/b/a Mid-Continent Coal & Coke Company, and Anschutz Coal Corporation, a Colorado corporation v. Mary Estill Buchanan, as Secretary of State of the State of Colorado, Polly Baca Barragan, Ethyln Christensen, Monte Pascoe, Norman Pledger and Tracy Smith**

### No. 27392

**Amax, Inc., a New York corporation, and William F. Distler and Harrison S. Cobb v. Mary Estill Buchanan, as Secretary of State of the State of Colorado, Polly Baca Barragan, Ethlyn Christensen, Monte Pascoe, Norman Pledger, and Tracy Smith**

(554 P.2d 1354)

Decided September 30, 1976. Rehearing on No. C-1071 denied October 12, 1976. Rehearing on No. 27392 denied October 18, 1976.

Welborn, Dufford, Cook & Brown, for CF&I Steel Corporation; Delaney & Balcomb, for Mid-Continent Resources, Inc.; Robert F. Starzel, for Anchutz Coal Corporation, plaintiffs-appellants in No. C-1071.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Harry N. MacLean, First Assistant, for defendant-appellee Mary Estill Buchanan, Secretary of State.

Morgan Smith, for defendants-appellees Polly Baca Barragan, Ethlyn Christensen, Monte Pascoe, Norman Pledger, and Tracy Smith.

Zarlengo, Zarlengo & Denison, Anthony F. Zarlengo, Spencer T. Denison; Tallmadge, Tallmadge, Wallace & Hahn, Thomas C. Bastien, for plaintiffs-appellants Amax, Inc. and William F. Distler and Harrison S. Cobb in No. 27392.

*En Banc.*

PER CURIAM

This is an appeal from a judgment of dismissal by the Denver District Court, holding that it had no jurisdiction to determine the constitutionality of Proposed Initiated Measure No. 7 prior to its being voted upon in the General Election of November 2, 1976. We affirm.

We agree with the District Court that the general rule is that the courts do not have jurisdiction to pass upon the constitutionality of the substance of legislation prior to enactment or adoption. Our own constitution recognizes this rule by restricting cases in which advisory opinions may be rendered to interrogatories submitted by the General Assembly under certain conditions or by the Governor. *Colo. Const.* Art. VI, § 3.

The judgment is affirmed.

MR. JUSTICE KELLEY dissents.

MR. JUSTICE CARRIGAN does not participate.